Oldham, J. From the record it appears that James De Witt Clinton Kelly died during his minority, leaving his estate in the hands of Egner as his guardian, and that letters of administration were granted to McGuire. Upon the motion of the administrator the probate court of Independence county at the April term 1845, made an order without any notice to the guardian requiring him to deliver up to McGuire as administrator all the property and effects both real and personal, in his hands or under his control, belonging to the estate of the deceased. The record does not show what property, if any," was in the hands of the guardian. This order it is supposed was based upon the 22d section of the 72d chapter of the Revised Statutes, title, Guardian and Wards. By a careful examination of that section with the whole act, it will be readily perceived, that it does not -warrant a proceeding so irregular, indefinite, informal and summary as the one here adopted. It is the duty of every guardian to render an account of his guax-dianship at the end of one year from his appointment, and afterwards to render accounts and make settlements from time to time as the court of probate by order may direct, and if he fail or refuse to make settlement as required, he is liable to be attached and imprisoned until he make such settlement. Rev. Stat. ch. 72, sec. 31, 32. At the close of his guardianship it is the duty of the court, upon the motion of the -ward, his executor or administrator, to order the guardian to render his accounts and make a final settlement of his guardianship, if he should fail to do so voluntarily, and the court may enforce compliance with the order by attachment. The order should be in the nature of a notice and served upon the guardian. Until such settlement shall be made, and it is thereby clearly ascertained and made to appear of record what effects of the ward are in the hands of his guardian, it is impossible for the court to make such order as is contemplated by the 22d section of the act above cited, or to compel the effective execution of it. After the settlement shall have been made, there will then be no difficulty in the court’s making an order directing the property specified and ascertained by the accounts and settlement of the guardian, to be delivered to his ward, or other person authorized by law to receive the same. If the court should not at the term at which final settlement of the guardianship may have been made, have made any order requiring the delivery of the property such order may still be made at any subsequent term of the court, due notice having first been served upon the guardian. But such order should in every instance specify what effects appear to be in his hands and which he is required to deliver up. This is the only mode in which the court can carry into effect the power conferred upon it by law with a due regard to the rights of all parties interested. The order in this case is also erroneous in requiring the real-estate to be surrendered to the administrator. Realty descends to the heir and not the administrator. Such an order would be proper if the delivery were to be made to the ward himself, or to his executor: but not to the administrator. The proceedings of the probate court in this case being wholly irregular, erroneous and void, must be quashed.